IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| RICHARD MESTER, | ) | C.A. No.: 2:19-cv-01686-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE BOEING COMPANY, | ) | |
| JUSTIN LOECHER, | ) | |
| JOHN VOLMERT, | ) | |
| DAVE CARBON, | ) | |
| WARREN HELM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The Plaintiff, Richard Mester, hereby files his response to the Defendant's Motion for to Dismiss. The Plaintiff has presented valid causes of action for Wrongful Termination in Violation of Public Policy Against Boeing, Slander against All Defendants, and Negligent Supervision of An Employee Against Boeing. The Defendants have committed atrocities against its employees, and they should be held liable for those actions. Though employment at will is present in South Carolina it does not condone, permit and allow employers to exploit employees, discriminate against them, subject them to less than favorable work conditions and then permit the termination of those employees in blatant disregard of the law. The Defendants have requested the Court dismiss the Plaintiff's complaint in its entirety by interpreting the facts to fit their interpretation of the law which does not grant this court jurisdiction, nor does it place the Plaintiff's causes of action within the power of this Court to decide. The Plaintiff's complaint should be immediately remanded without a decision regarding the Defendants' Motion to Dismiss as the case was

1

improperly removed to this Court. The Plaintiff is the dictate of his causes his claims and the Plaintiff's claim do not belong here in this Court nor should they be dismissed.

## STANDARD OF REVIEW

The Defendant requests the dismissal of all the Plaintiff's claims pursuant to the Federal Rules of Civil Procedure Rule 12(c). The Rule specifically sets forth that a party may move for judgment on the pleadings prior to trial when the pleadings are closed. The 4th Circuit has utilized the standard set forth in other Rule 12 motions when considering a 12(c) motion. Specifically, 12(b)(6). The Fourth Circuit set forth in *Brooks v. Winston-Salem, NC,* that dismissal is inappropriate unless, accepting as true the well-pleaded facts in the complaint and viewing them in the light most favorable to the Plaintiff, "it appears to a certainty that the Plaintiff would be entitled to relief under any state of facts which could be proved in support of his claim." 85 F.3d 178(4th Cir. 1996)(*quoting Mylan Lab., Inc. V. Matkari,* 7 F. 3d 1130, 1134 & n.4(4th Cir. 1993)(internal quotation marks omitted), cert. Denied, 114 S.Ct. 1307(1994). The Fourth Circuit further states "Dismissal under Rule 12(b)(6) is inappropriate unless if appears beyond doubt that the Plaintiff cannot prove any set of facts to support his or her allegations. *Revene v. Charles County Comm'rs.* 882 F. 2d 870, 872(4th Cir. 1989)" *Whitthohn v. Federal Insurance Company*, No. 05-1378.[1]

---

[1] Fed. R. Civ. P. Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Such a motion should be granted when, accepting the facts set forth in the pleadings, the case can be decided as a matter of law. Tollison v. B & J Machinary Co., Inc. 812 F. Supp. 618, 619 (D.S.C. 1993). See Also *S & S Const. Inc. of Anderson v. Reliance Ins. Co*., 42 F. Supp. 2d 622, 623 (D.S.C. 1998). The standard is almost identical to the standard employed in considering a Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." *Cont'l Cleaning Serv. v. United Parcel Serv., Inc.* 1999 WL 19939249 (M.D.N.C. 1999) (internal quotations omitted); see also *Burback Broad Co. v. Elkins Radio Corp*., 278 F.3d 401, 405-406 (4th Cir. 2002). In addition to the complaint, the factual allegations of the answer are taken as true, to the extent "they have not been denied or do not conflict with the Complaint." *Pledger v. North Carolina Dep't of Health & Human Servs.* 7F.Supp.2d 705, 707 (E.DN.C. 1998); *Jadoff v.*

The Court will construe factual allegations in the nonmoving party's favor and will treat them as true but is "not bound with respect to [the complaint's] legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.,* 609 F.2d 1083, 1085-86(4th Cir. 1979). The Plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Towmbly,* 127 S.Ct. 1955, 1965 (2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in complaint." *Id.* at 1969. A complaint attached by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. *Lanier v. Norfolk Southern Corp.*, 120504 Fed4.]

## <u>ARGUMENT</u>

The Defendants have presented a long diatribe of arguments on the interpretation of what they believe the Plaintiff's claims should be about.  However, this presentation of the Plaintiff's claims is in error.

The Plaintiff first submits that this action has been improperly removed to federal court and should be remanded to Charleston County Court of Common Pleas.  As set forth *Turgeau v. Admin. Review Bd.* The Court set forth "In deciding whether a suit arises under federal law, [the court] is guided generally by the 'well pleaded complaint' rule, under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based on' federal

---

*Gleason*, 140 F.RD. 330, 331 (MD.N.C. 1991)(citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Section 1368(3d ed. 2004).  In determining a motion for judgment on the pleadings, the court "may consider documents incorporated by reference in the pleadings." Parks v. Alteon, Inc. 161 F. 3d 1125, 1134(11th Cir. 2002).  (documents attached to the answer are part of the pleadings for Rule 12(c) purposes where the documents are central to the Plaintiff's claims and the authenticity is not challenged.)

law."[2]  Neither the Plaintiff's anticipation of a federal defense nor the defendants' assertion of a federal defense is sufficient to make the case arise under federal law.[3]  As set forth in *Caterpillar*, "the Plaintiff is the 'master of the claim' and may prevent removal to federal court by choosing not to plead a federal claim.[4]  In this case the Plaintiff would argue that AIR 21 does not apply and therefore the complete preemption doctrine does not apply as presented by the Defendant in their Notice of Removal.[5]

## I.    Plaintiff has Presented a Valid Claim for Wrongful Termination in Violation of Public Policy Under South Carolina Law.

South Carolina has recognized the doctrine of at-will employment since 1936.[6]  South Carolina has recognized exceptions to the common-law rule (1) where the discharge violates a clear mandate of public policy, *Ludwick v. This Minute of Carolina, Inc.[7]*, (at-will employee may not be terminated for refusing to violate the law by ignoring subpoena), or (2) where the employee's at-will status has been altered by the promulgation of an employee handbook, *Small v. Springs Industries, Inc.[8]*, (employee handbook could alter an employee's at-will status so as to subject employer to liability for wrongful discharge). See also *Small v. Springs Indus., Inc.[9]*, (in certain situations, [331 S.C. 358] termination of an at-will employee may give rise to a cause of action for wrongful termination where the at-will status of the employee is altered by the terms of an employee handbook or where the discharge violates a clear mandate of public policy).

---

[2] *Turgeau v. Admin. Review Bd, Exhibit 1, citing Schmeling v. Nordam, 97 F. 3d 1336, 1339 (10th Cir. 1996).*
[3] *Id.*
[4] *Caterpillar, Inc. v. Williams, 482 U.S. 386, 392,, 107 S.Ct. 2425, 96 L. Ed 2d 318(1987).*
[5] *Id.*
[6] *Novak vs. Joye, Locklair & Powers, P.C.* 2010-UP-225.  *Citing Shealy v. Fowler*, 182 S.C. 81, 87, 188 S.E. 502 (1936).
[7] 287 S.C. 219, 337 S.E.2d 213 (1985)
[8] 292 S.C. 481, 357 S.E.2d 452 (1987) (Small I)
[9] 300 S.C. 481, 388 S.E.2d 808 (1990) (Small II)

Generally, under this doctrine an employer may discharge an employee for good reason, no reason, or bad reason without incurring liability.[10]  However, an employer may nonetheless become liable in tort to the discharge employee under the public policy exception, which protects the employee when "the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy."[11]

The Courts have decided on several different occasions what may be against public policy.  In *McLean v. Patten Communities, Inc*. the Fourth Circuit stated that termination of an individual for protesting the sexual advances of her employer was in violation of North Carolina Public Policy.[12]  "Iowa has only recently recognized a cause of action for termination in violation of public policy. The elements of the cause of action are: 1) the employee must have been engaged in protected conduct; 2) the employer must have taken adverse employment action; and 3) a causal relationship must exist between the conduct and the employment action."[13]

In *Ludwick vs. This Minute of Carolina, Inc.*[14], the Court recognized a cause of action for termination in violation of public policy.  The Court stated that "where the retaliatory discharge of

---

[10] *Id.  Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 221, 337 S.E. 2d 213, 214 (1985) (citing H.G. Wood, *Master and Servant* (1877).

[11] 287 S.C. 225, 337 S.E. 2d at 216.

[12] *McLean v. Patten Communities Inc.*, No. 99-1167 (4th Cir. 06/17/2003).  (*See Also*, *Teachout v. Forest City Cmty. Sch. Dist.*

[13] 584 N.W.2d 296, 299 (Iowa 1998)) *Thomas v. Union Pacific Railroad Co.*, No. 01-2631 (8th Cir. 10/21/2002).

[14] 287 S.C. 219. 337 S.E. 2d 213(1985).  In Ludwick v. This Minute of Carolina, Inc., 287 S.C. 219, 337 S.E.2d 213 (S.C. 1985), the South Carolina Supreme Court held that a cause of action in tort exists under South Carolina law where a retaliatory discharge of an at-will employee 2Link to the text of the note constitutes [*632] a violation of a clear mandate of public policy, such as "when an employer requires an at-will employee, as a condition of retaining employment, to violate the law". Id, at 216. See also*; Culler v. Blue Ridge Electric Cooperative, Inc*., 309 S.C. 243, 422 S.E.2d 91 (S.C. 1992). [**5] "This exception is generally applied in a situation in which an employer requires an employee to violate a law, or when the reason for the termination is itself a violation of criminal law"; *Barron v. Labor Finders of South Carolina*, 384 S.C. 21, 682 S.E.2d 271, 273 (S.C.Ct. App. 2009); although some other situations may also apply. See Washington v. Purdue Farms, Inc., No. 07-3552, 2009 U.S. Dist. LEXIS 12258, 2009 WL 386926 at * 12 (D.S.C.

an at-will employee constitutes violation of clear mandate of public policy, a cause of action in tort for wrongful discharge arises." (*Id.* at 225).   The Court further stated that the Plaintiff has the burden to establish that the discharge contravenes a clear mandate of public policy.  (*Id.* at 223).

A party claiming wrongful termination in violation of public policy must assert 1) he was discharged from at-will employment, 2) the discharge was retaliatory, and 3) the discharge violated a "clear mandate of public policy."[15]   The Court has determined that the purpose of the tort of wrongful discharge operates to vindicate the public interest in prohibiting employers from acting in a manner contrary to fundamental public policy.[16]  The Court has further established the public policy argument in *Garner v. Morrison Knudsen Corp.,* which held that the "trial court erred in granting the employer's Rule 12(b) (6) motion because the issue of whether the public policy exception applied to the situation where an employee is terminated in retaliation for reporting and testifying about radioactive contamination and unsafe working conditions at a nuclear facility is a novel issue and further development of the facts was warranted."[17]   In *Evans v. Taylor Made Sandwich*, the Court further expounded on the public policy issue by stating "while the public policy exception applies to an employee who is required to violate criminal law or where an employer's termination of an employee is itself a violation of criminal law, it has never been explicitly applied to the violation of a civil statutory law.  Yet in *Garner*, the Supreme Court stated while we have applied the public policy exception to situations where an employer requires an

---

Feb. 13, 2009)["Several types of public policies have been deemed appropriate to sustain this cause of action including: requiring an employee to violate the criminal law, where the reason for the employee's termination was itself a violation of criminal law, obeying a subpoena, refusing to contribute money to a political action fund, and invoking rights under Payment of Wages Act."] . *Gleaton v. Monumental Life Ins. Co. s. Co.* 719 F. Supp 2d 623, 631-632.  (SCDC, 2009)

[15] *Ludwick, supra* at 225.

[16] *Christensen v. Grant County Hosp. Dist. No. 1,* 152 Wash.2d 299, 313, 96 P.3d 957 (2004) (emphasis omitted) (quoting *Smith v. Bates Technical Coll.,* 139 Wash.2d 793, 801, 991 P.2d 1135 (2000)).

[17]  318 S.C. 223, 456 S.E.2d 907(1995).

employee to violate a criminal law, and situations where the reason for the employee's termination was itself a violation of the criminal law, we have never held the exception limited to these situations."[18]

*Garner* essentially held that if there is a factual issue as to whether the employer's discharge violated public policy is a question of fact for the jury.[19]  Specifically, Public Policy must be truly public in nature be it through constitutional, statutory or regulatory law.  The public nature must be enforceable as public policy.  *Loretta Novak v.  Joye, Locklair & Powers, P.C. 2010-UP-225.*

> "Generally, an action for wrongful discharge is premised on an alleged infringement of a right to the employment. In *Ludwick,* supra, we recognized an exception to this rule in order to allow an at-will employee to bring a wrongful discharge action where the employee was discharged because she complied with a subpoena to testify at a state agency hearing. We found such a discharge constituted "a violation of a clear mandate of public policy" because it required an employee, as a condition of employment, to violate the law. 287 S.C. at 225, 337 S.E.2d at 216. We decline to extend the *Ludwick* exception to a situation where, as here, the employee has an existing remedy for a discharge which allegedly violates rights other than the right to the employment itself.
>
> "Here, appellant claims an infringement of his constitutional rights to free speech and association. Title 42 U.S.C. § 1983 (1982) allows a civil action for damages against a government official who deprives an individual of a constitutionally protected right. A public employee, even one employed at-will, may state a claim under § 1983 for violation of his First Amendment rights by alleging damages from hiring decisions that are based solely upon political belief or association and are unjustified by a vital government interest. *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). We therefore affirm the trial judge's disposition of this case without prejudice to appellant's right to commence a § 1983 action."

*Epps v. Clarendon County*, 304 S.C. 424, 405 S.E.2d 386, 287 (S.C. 1991)

**A.    The Plaintiff does not have A Statutory Remedy.**

---

[18] *Garner*, 318 S.C. at 226, 456 S.E. 2d at 909.  (340 S.C. 346, 532 S.E.2d 259(2000)
[19] 318 S.C. at 226, 456 S.E.2d at 908-10.

The Plaintiff does not have statutory remedy.  The Defendant argues that the Plaintiff does not have a Public Policy Wrongful Termination claim because there is an alleged statutory remedy. However, the Plaintiff would argue that the Defendant's contention is wrong.  The Defendant does not have the right or the power to delineate the Plaintiff's claims.  The Defendant contends that 49 U.S.C. Code Section 42121 (hereafter referred to as AIR 21) applies to the plaintiff's claims for wrongful termination.  This is an error in the interpretation of the law as AIR 21 is a defense that may not be properly determined through a 12(b)(6) motion.  A complaint such as the Plaintiff cannot be dismissed based on a 12(b)(6) motion because scrutiny of the facts is required, therefore discovery must be completed prior to the Defense under AIR21.[20]  The purpose of a 12(b)(6) motion is to test the sufficiency of the complaint not to judge the complaint on its merits.[21]  A dismissal of the plaintiff's complaint would be improper as the mission of the court is to determine if the allegations constitute a "'a short and plain statement of the claim showing that the pleader is entitled to relief."[22]

Next AIR21 does not apply to the Plaintiff's circumstances.  AIR21 protects airline employees who report violations of federal regulations from discharge or discrimination.[23]

---

[20] *Edwards v. City of Golsboro, 178 F. 3d 231, 244(4th Cir. 1998) citing to Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).*

[21] Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. See 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990).

[22] *Id. Citing Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir.) (quoting Fed. R. Civ. P. 8(a)(2)), cert. denied, 439 U.S. 837, 58 L. Ed. 2d 133, 99 S. Ct. 121 (1978).  [**22]  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). We must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff. See  Jenkins v. McKeithen, 395 U.S. 411, 421, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969).*

[23] *Ameristar Airways, Inc. v. Admin. Review Bd., 771 F.3d 268, 272(5th Cir., 2014)  To prevail on an AIR21 retaliation claim, a plaintiff "must prove by a preponderance of the evidence that (1) [the plaintiff] engaged in protected activity; (2) the employer knew that [the plaintiff]*

Invocation of AIR21's administrative complaint procedure is voluntary and optional. See §
42121(b)(1). Pursuant to AIR21 the Plaintiff must have engaged in a protected activity under AIR
21 not merely done his job. The Plaintiff engaged in processes and procedures that were required
by his position. The Plaintiff addressed concerns regarding the safety of the airplane to include
but not limited to the following as presented in the Plaintiff's complaint:

15.    As an employee, the Plaintiff was very familiar with all policies and procedures of the
Defendant, Boeing including but not limited to all policies and procedures regarding safety
requirements from the FAA. Included in Boeing's policies was "Field Operations Foreign Object
Debris and Damage Prevention", the purpose of the policy was "This business process guide
(BPG) describes a method used for the gathering of facts and data that are to be used to improve
foreign object elimination."

16.    During the Plaintiff's employment the Plaintiff report numerous incidents of FOD (Foreign
Object Debris). The Plaintiff report a tube of sealant under the floorboards of an airplane, nuts
and bolts, push pins for cargo linings panduits, etc. The Plaintiff reported each and every one of
these safety issues to Management. Management did nothing.

17.    The Plaintiff requested a more stringent walk through for the safety of the aircraft. FOD
or Foreign Object Debris is a significant concern in aircraft as any debris can migrate and damage
aircraft including its critical systems.

18.    From 2017 to September of 2018, the Plaintiff served as a Tool Focal. A Tool Focal is
responsible for inspecting tool boxes before and after shift to make sure that the tools for that shift

---

*engaged in the protected activity; (3) [the plaintiff] suffered an unfavorable personnel action;
and (4) the protected activity was a contributing factor in the unfavorable action." Bechtel v.
Admin. Review Bd., 710 F.3d 443, 447 (2d Cir. 2013) (quoting Harp v. Charter Commc'ns, Inc.,
558 F.3d 722, 723 (7th Cir. 2009) (alterations omitted); Allen v. Admin. Review Bd., 514 F.3d
468, 475-76 (5th Cir. 2008); 49 U.S.C. § 42121(b)(2)(B)(iv)).*

are accounted for, etched properly with the stall label and are in good repair.  Part of the process involves stamping a tool control inventory sheet.  Tool Focal's are required to use a rubber and ink stamp with their BEMS ID number on it.  The Plaintiff reported several missing tools.  On numerous occasions the Plaintiff reported the lost tools to management who failed and refused to remedy the situation or even conduct a search.  The Plaintiff informed Justin Loecher that an aircraft was released from the bay with missing tools and this action was a safety issue and an FAA violation.  Loecher did nothing.  The release of the plane with missing tools was an egregious violation of safety.

19.     That during the Plaintiff's employment with Boeing on Second Shift the Plaintiff complained regarding the Defendant's failure to provide his crew with proper lighting and sufficient flashlights.  Good Lighting and Sufficient Flashlights are an essential tool to perform the Plaintiff's job.  The failure to provide the proper equipment compromised the Plaintiff's ability to perform his position accurately and well.  The automatic lights would fail and require them to be manually enabled.  The Plaintiff complained to Manager Justin Loecher at a minimum of 8 times for several months leading up to his termination.

In order to properly evaluate whether the Plaintiff has an AIR21 complaint the Court must look outside the actual Summons and Complaint.  The Plaintiff has presented a valid claim for wrongful termination in violation of public policy and his case should be immediately remanded to the State Court.  The Plaintiff has presented a set of well pleaded facts that will allow such relief as presented.

The Defendant next argues that the same set of facts have already been argued under *Hobek*.  However, Hobeck is significantly different as Hobek actually made a compliant to the

FAA. The Plaintiff in this case made no complaints that fall under the parameters of AIR 21 and

therefore AIR 21[24] does not apply to the Plaintiff's claims.

The Plaintiff has presented a proper claim for Wrongful termination in violation of public

policy for his support of the Union. Again the Defendant argues that the Plaintiff's claims should

be dismissed because some other statute may apply. However, this is also a defense and further

discovery is needed in order to determine if the statute delineated by the Defendant actually applies

to the Plaintiff's claims.

The Defendant's Motion to Dismiss should be denied and the Plaintiff's claims remanded

to Charleston County Court of Common Pleas.

**B.    Plaintiff has Alleged Facts Sufficient to Survive a Motion to Dismiss filed by the
Defendant.**

The Plaintiff meets the elements of a claim for Wrongful Termination in violation of Public Policy.

The South Carolina Court's have been very specific regarding the public policy termination claims

and have never limited the claims to only two circumstances. The Plaintiff made several

complaints regarding actions during his employment with the Defendant including safety, union

and others. In *McNeil*, the Court did an analysis of *Gardner* and its application.[25] *McNeil* set forth

> "In *Garner v. Morrison Knudsen Corp.,* 318 S.C. 223, 223, 456 S.E.2d 907, 908 (1995), the employee alleged his employer terminated him in retaliation for reporting to the United States Department of Energy and the news media his concerns about radioactive contamination and unsafe working conditions at the Savannah River Site and for voluntarily testifying about his concerns before the Defense Nuclear Facilities Safety Board. Our supreme court held the trial court's

---

[24] To prevail on an AIR21 retaliation claim, a plaintiff "must prove by a preponderance of the evidence that (1) [the plaintiff] engaged in protected activity; (2) the employer knew that [the plaintiff] engaged in the protected activity; (3) [the plaintiff] suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." *Bechtel v. Admin. Review Bd.*, 710 F.3d 443, 447 (2d Cir. 2013) (quoting *Harp v. Charter Commc'ns, Inc.,* 558 F.3d 722, 723 (7th Cir. 2009) (alterations omitted); *Allen v. Admin. Review Bd.,* 514 F.3d 468, 475-76 (5th Cir. 2008); 49 U.S.C. § 42121(b)(2)(B)(iv)).
[25] *McNeil v. S.C. Department of Corrections, Exhibit 3.*

dismissal of the employee's wrongful discharge action based on the public policy exception to the employment at-will doctrine for failure to state a claim was inappropriate when the employee alleged his employment was terminated in retaliation for reporting and testifying about radioactive contamination and unsafe working conditions at the nuclear facility. *Id.* at 226-27, 456 S.E.2d at 909-10. The court stated "[w]hether the [public policy] exception applies when an employee is terminated in retaliation for reporting and testifying about radioactive contamination and unsafe working conditions at a nuclear facility is a novel issue, and such issues should not ordinarily be decided in ruling on a 12(b)(6) motion to dismiss." *Id.* at 226, 456 S.E.2d at 909. We find *Garner* to be distinguishable because the existence of radioactive contamination and unsafe working conditions is a matter of public interest and public policy, and the employee specifically alleged his termination was in retaliation for reporting his concerns to the proper authorities."[26]

The fact is that the Plaintiff participated in reports of Safety and being a staunch supporter of the union.  The Defendant retaliated against the Plaintiff by terminating him when he had no issues of performance and for creating a reason which has been determined by the FAA to have not occurred.

In *Barron* the Court set forth the theory of wrongful termination in violation of public policy stating the following:  "While the public policy exception applies to situations where an employer requires an employee to violate the law or the reason for the termination itself is a violation of criminal law, the public policy exception is not limited to these situations. *See Garner v. Morrison Knudsen Corp.,* 318 S.C. 223, 456 S.E.2d 907 (1995); *Keiger v. Citgo, Coastal Petroleum, Inc.,* 326 S.C. 369, 482 S.E.2d 792 (Ct.App.1997). In both of these cases, the courts declined to address whether the public policy exception applied because, in their procedural posture, it was not appropriate to decide the novel issue without further developing the facts of the case. *Garner,* 318 S.C. at 227 n. 3, 456 S.E.2d at 910 n. 3 (appeal from a grant of a 12(b)(6), SCRCP, motion to dismiss); *Keiger,* 326 S.C. at 373, 482 S.E.2d at 794 (same). Both cases make

---

[26] *Id.*

clear, however, that an at-will employee may have a cause of action for [393 S.C. 615] wrongful termination even if the discharge itself did not violate criminal law or the employer did not require the employee to violate the law."[27]    It is clear from *Barron* that the Court has not limited itself to those two instances alone.

In *Donevant v. Town of Surfside Beach*, the Court determined that the arguments of the Town failed because in *Barron* the Court determined that public policy exception was not limited to the two circumstances.[28]    The South Carolina Courts have interpreted this state cause of action in *Gardner* which held that the Public Policy claims have never been limited to the specific circumstances.[29]    As stated in *Novak* the Public Policy must be truly public in nature be it through constitutional, statutory or regulatory law.    The public nature must be enforceable as public policy.[30]

> Further in *Donevant*, the court determined:

> "Because the construction at the Pier Restaurant violated the building code, the law required Donevant, as building official, to take action to enforce compliance with the code. *See* § 104.2 (stating "[t]he building official *shall*... issue permits for the erection, and alteration, demolition and moving of buildings and structures, inspect the premises for which such permits have been issued *and enforce compliance with the provisions of the code*" (emphasis added)). In order to carry out her legal duty to "enforce compliance" with the building code, Donevant issued a stop-work order as she was required to do by law. *See* § 104.3 (stating "[t]he building official shall issue all necessary notices or orders to ensure compliance with this code"). Thus, unlike *Antley,* where the statutes "permitted but did not require" the tax assessor to take action, the statutory and building code provisions at issue here *required* Donevant's actions of enforcing compliance with the building code.    We agree with the trial court that Donevant's claim "comes clearly within what our courts have already articulated what the law is"—that "she was required by her employer to violate the law." By instructing Donevant not to "change, ameliorate, or in any other manner amend any action that was taken during her absence[,]" Duckett was requiring Donevant not to perform her legal duty as a

---

[27] *Barron v. Labor Finders of South Carolina*, 393 S.C. 609, 617, 32 IER Cases 1514 (S.C. 2011).
[28] *Donevant v. Town of Surfside Beach,* 414 S.C. 396, 409 778 S.E. 2d 320, (Ct. App. 2015)
[29] *Supra, page 6.*
[30] *Loretta Novak v.  Joye, Locklair & Powers, P.C. 2010-UP-225.*

building official to enforce compliance with the building code. If Donevant had followed Duckett's directive and not taken action in response to the unlawful construction at the Pier Restaurant, she could have been charged with misconduct in office for failing to discharge this legal duty. *See State v. Hess,* 279 S.C. 14, 20, 301 S.E.2d 547, 550 (1983)(recognizing "[m]isconduct in office occurs *when duties imposed by law* have not been properly and faithfully discharged" (emphasis added)). By suspending Donevant and ultimately terminating her for issuing the stop-work order at the Pier Restaurant, Duckett effectively discharged Donevant for refusing to violate the law. Accordingly, Donevant's claim for retaliatory discharge falls within a recognized exception to the doctrine of at-will employment in this state because she was required by her employer, "as a condition of continued employment, to break the law." *Taghivand,* 411 S.C. at 243, 768 S.E.2d at 387; *see also Barron,* 393 S.C. at 614, 713 S.E.2d at 637.   Notwithstanding the fact that Donevant was fired for refusing to violate the law, she also presented a cognizable claim that she was terminated "in violation of a clear mandate of public policy." *Barron,* 393 S.C. at 614, 713 S.E.2d at 637(stating "[a]n at-will employee has a cause of action in tort for wrongful termination where there is a retaliatory termination of the at-will employee in violation of a clear mandate of public policy" (internal quotation marks omitted))."

*Donevant v. Town of Surfside Beach,* 414 S.C. 396, 414 409 778 S.E. 2d 320, 330 (Ct. App. 2015).

As alleged in the Complaint the Plaintiff set forth the Plaintiff had significant complaints regarding safety during the normal operation of performing his position which did not rise to the level of being covered by AIR 21.   The Plaintiff's claims clearly show that the Plaintiff was terminated because he refused to do as Boeing wished in all circumstances be it safety concerns or not supporting the union.   Each of these claims are claims that should be remanded to the State Court.   The Defendant's Motion to Dismiss should be denied as it is clear from the Complaint that the Plaintiff has set forth a well pled set of facts which would warrant recovery.

## II.    Plaintiff Has Presented a Valid Claim for Negligent Supervision Under South Carolina Law.

Employers can be held liable for the actions of its employees.   Specifically, "A person conducting an activity through servants or other agents is subject to liability for harm resulting

from his conduct if he is negligent or reckless . . . in the employment of improper persons or instrumentalities in work involving risk of harm to others: in the supervision of the activity; or . . . in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control."  Restatement (Second) of Agency § 213 (1958).

Under normal circumstances, the Court finds that companies usually don't incur liability when they fail to take steps to protect others.[31]  However, in certain circumstances the Court has found liability.  In *Charleston v. Young Clement* the Court followed *Degenhart*[32] which found that an employer may be liable for negligent supervision if the employee intentionally harms another when the employee: (1) is upon the premises of the employer,  [**723]  or is using a chattel of the employer, (2) the employer knows or has reason to know that he has the ability to control his employee, and (3) the employer knows or should know of the necessity and opportunity for exercising such control. *Id*. at 115-17, 420 S.E.2d at 496; see also Restatement (Second) of Torts

---

[31] *Many courts have recognized that a plaintiff must demonstrate some propensity, proclivity, or course of conduct sufficient to put the employer on notice of the possible danger to third parties. See e.g., Frye v. Am. Painting Co., 642 N.E.2d 995, 999 (Ind. Ct. App. 1994) (holding that an employer may be held negligent if it retains an employee it knew or should have known had a propensity for dangerous behavior); Alpharetta First United Methodist Church v. Stewart, 221 Ga. App. 748, 472 S.E.2d 532, 536 (Ga. Ct. App. 1996) (holding that an employer may not be held liable for  [\*207]  negligent hiring or retention unless the plaintiff shows the employer knew or should have known of the [\*\*\*11]  employee's dangerous propensities); Gomez v. City of New York, 304 A.D.2d 374, 758 N.Y.S.2d 298, 299 (N.Y. App. Div. 2003) ("Recovery on a negligent hiring and retention theory requires a showing that the employer was on notice of the relevant tortious propensities of the wrongdoing employee.").*

[32] *An employer may have a legal duty to use due care in supervising an employee as a result of a contractual relationship with the employee. This duty sounds in tort, not in contract. This ensuing duty is limited to the employee's actions undertaken in his capacity as an agent for the employer. Degenhart v. Knights of Columbus, 309 S.C. 114, 116, 420 S.E.2d 495, 496 (1992). Degenhart, 309 S.C. at 117, 420 S.E.2d at 496-497; see also Rickborn v. Liberty Life Ins. Co., 321 S.C. 291, 302, 468 S.E.2d 292, 299 (1996).*

§ 317(1965) (outlining the same elements for negligent supervision).[33]   The issue is whether an employee harmed the Plaintiff and how they harmed the Plaintiff.[34]   The individual Defendants went out of their way to harm the Plaintiff personally and professionally.   The Defendants personally went out of their way as employees of the Defendant to harm the Plaintiff.

### III.    Plaintiff Has Presented a Valid Claim for Slander Under South Carolina Law.

Defamation[35] is the tort that includes written and verbal communications that are considered to defame an individual.  To establish a defamation claim, a plaintiff must prove: (1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable regardless of harm or the publication of the statement caused special harm.[36] The publication of a statement is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.[37]   The Plaintiff can clearly establish malice in this case.[38]   The Court set forth that the "The effect is to cast upon the plaintiff the necessity of showing malice in fact---that is, that the defendant was actuated by ill will in what he did and said, with the design to causelessly and wantonly injure the plaintiff. This actual malice, resting as it must upon the slanderous matter itself, and the surrounding circumstances tending to prove fact and motive, is a question to be determined by the jury."[39]

---

[33] *Charleston v. Young Clement Rivers & Tisdale, LLP, 359 S.C. 635, 598 S.E.2d 717, 2004 S.C. App. LEXIS 197.*

[34] *Callum v. CVS Health Corp, 137 F. Supp. 3d 817, 860 (U.S. District Court of South Carolina, Florence Division, September 29, 2015)*

[35] *Wilhoit v. WCSC, Inc.,* 293 S.C. 34, 358 S.E.2d 397.

[36] *Erickson v. Jones St. Publishers, LLC,* 368 S.C. 444, 465, 629 S.E.2d 653, 664 (2006); *Fleming v. Rose,* 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002).

[37] *Fleming v. Rose,* 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002).

[38] *Duckworth v. First National Bank*, 254 S.C. 563, 566, 176 S.E.2d 297(1970).  *Conwell v. Spur Oil Co.,* 240 S. C. 170, 125 S. E. (2d) 270.  *Cartwright v. Herald Publishing Co.,* 220 S. C. 492, 68 S. E. (2d) 415.

[39] *Bell v. Bank of Abbeville,* 211 S.C. 167, 175-76, 44 S.E.2d 328 (1947).

The Court in *Callum* determined that facts were sufficient presented that the Plaintiff had been subjected to intentional torts and it was plausible that negligent supervision/retention had occurred.[40] If the Court here looks at the complaint on its face it is clear that the Plaintiff was subjected to slander and the Defendant Boeing was aware of such. The individual Defendants were the Plaintiff's management hierarchy and slandered the Plaintiff to employees, to outside media sources and to the general public about the Plaintiff's performance of his position. Therefore subjecting him to slander per se.[41]

The Defendants accused the Plaintiff of a crime by failing to report a bird strike. The Defendants made communications to impeach the Plaintiff's honesty, integrity, and reputation.[42]

It is clear from the facts as presented in the complaint that all individual Defendants published false statements regarding the Plaintiff. The Defendants specifically accused the Plaintiff of incompetency and inability to properly perform his position.[43]

## V.    CONCLUSION

The Defendant has failed to set forth that the Plaintiff is not entitled to relief under any facts submitted in the Complaint. The Defendant has set forth several legal arguments as to the deficiencies in the Plaintiff's complaint but has failed to specify any facts that are deficient. The causes of action against the Defendants should not be dismissed for failure to state a claim as the Plaintiff has presented a fact scenario in which he would be entitled to relief under the cause of action for wrongful termination in violation of public policy. The Defendant's contentions are

---

[40] *Callum v. CVS Health Corp, 137 F. Supp. 3d 817, 860 (U.S. District Court of South Carolina, Florence Division, September 29, 2015)*
[41] *Moshtagi v. The Citadel,* 314 S.C. 316, 318, 443 S.E. 2d 915 (Ct. App. 1994). The question of whether the statements were actionable per se or not actionable per se was a matter for the jury to determine as the finders of fact. See Turner v. Montgomery Ward & Co., 165 S.C. 253, 261, 163 S.E. 796, 798-99 (1932).
[42] *Smith v. Bradstreet,* 63, S.C. 525, 41 S.E. 763 (1902).
[43] *Goodwin v. Kenedy,* 347 S.C. 30,

better served at a Motion for Summary Judgment.  A complaint attacked by a Rule 12(b)(6) motion

to dismiss will survive if it contains "enough facts to state a claim for relief that is plausible on its

face."[44]  The Plaintiff's claims should be immediately remanded to the Court of Common Pleas

for Charleston County.


                         Respectfully Submitted,

                         *s/Bonnie Travaglio Hunt*
                         Bonnie Travaglio Hunt
                         Hunt Law LLC
                         Federal Bar # 07760
                         SC Bar # 12341
                         Attorney for the Plaintiff
                         4000 Faber Place Drive, Suite 300, N. Charleston, 29405
                         Post Office Box 1845, Goose Creek, SC 29445
                         (843)553-8709
                         Facsimile (843)492-5509
                         bthunt@huntlawllc.com


                         *s/Peter Kaufman*
                         Peter Kaufman
                         Kaufman Labor & Employment Solutions, LLC
                         Federal Bar #11302
                         SC Bar #100144
                         295 Seven Farms Dr. Ste C-267
                         Charleston, SC 29492
                         (843)513-6062
                         pkaufmanlaw@gmail.com

July 1, 2019

---

[44] *Id.* at 1974.  *Lanier v. Norfolk Southern Corp.*, 120504 Fed4.